# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Eddie Richardson, | |
| Petitioner, | Case No. 94-CR-187-1 |
| v. | |
| United States of America, | Judge John Robert Blakey |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Federal Sentencing Guidelines, Petitioner Eddie Richardson ("Petitioner") moves this Court to reduce his current life sentence for conspiring to possess with intent to distribute and distribute controlled substances in violation of 21 U.S.C. § 846. Pet.'s Mot. Mod. Term Impris. [1225]. For the reasons discussed below, Petitioner's motion is denied.

Following his original conviction at trial, Petitioner was assigned a base offense level of 38 based upon the amount of heroin and cocaine involved in his underlying conviction. PSR at 6, 8-9. The Presentence Report added four offense levels due to Petitioner's leadership role in the conspiracy and another two levels for Petitioner's use of dangerous weapons to carry out the offenses, bringing Petitioner's total offense level to 44. *Id.* at 9. This was treated as the highest possible offense level of 43, equaling a sentencing range of life imprisonment. *See* U.S.S.G. Ch. 5, Pt. A, Application Note 2.

1

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (internal quotations omitted). 18 U.S.C. § 3582(c)(2) establishes one such circumstance. For § 3582(c)(2) to apply, however, the sentencing range upon which the defendant was originally sentenced must have "subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Additionally, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," *id.*, which state that a reduction in a term of imprisonment "is not authorized under 18 U.S.C. § 3582(c)(2)" if the relevant amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. 1B1.10(a)(2).

Amendment 782 revised the Drug Quantity Table in § 2D1.1 of the Federal Sentencing Guidelines. Prior to the enactment of Amendment 782, the Drug Quantity Table set a base offense level of 38 for crimes involving 30 kilograms or more of heroin or 1.5 kilograms or more of cocaine base. Now, pursuant to Amendment 782, a base offense level of 38 requires the involvement of 90 kilograms or more of heroin or 25.2 kilograms or more of cocaine base. U.S.S.G. 2D1.1.

Here, the district court found that Petitioner oversaw the distribution of 149.1 kilograms of heroin. PSR at 6. Thus, Petitioner's base offense level under the amended Drug Quantity Table remains 38. After adding the adjustments applied at Petitioner's original sentencing (four levels for his leadership role and two levels

for use of a dangerous weapon), Petitioner's total offense level remains at 44 (treated as 43) and a sentencing range of life imprisonment—the same as at the time of his original sentencing. *See* U.S.S.G. Ch. 5, Pt. A, Application Note 2.

Thus, because the sentencing range upon which Petitioner was originally sentenced is not lowered by Amendment 782, modification of Petitioner's imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) is not authorized. As a result, Petitioner's Motion for Modification of Term of Imprisonment [1225] is denied.

IT IS SO ORDERED

Dated: July 19, 2016  Entered:

 _____
 John Robert Blakey
 United States District Judge